UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

ANTONIO MOSS BEY,                )
                                 )
         Plaintiff,              )
                                 )
    v.                           )    Case No. 1:20CV167
                                 )
NASH GENERAL HOSPITAL, et al.,   )
                                 )
         Defendants.             )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's Application [Doc. #1] to proceed in this action *in forma pauperis* without payment of the filing fees or costs.

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing *in forma pauperis* d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by

2

mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

For the reasons stated below, the Court recommends that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted.

In the Complaint, Plaintiff asserts claims against the Rocky Mount Police Department, Nash General Hospital, the Sharpsburg Police Department, the Nash County Social Services Department, the Nash County Sheriff's Office, and the "District Attorney" based on two separate sets of events. The first series of events allegedly took place from late 2007 to early

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

3

2009 and broadly concerns Plaintiff's attempts to report a sexual assault on his then-four-year-old daughter. (Compl. [Doc. #2] at 7-8.) The second, apparently unrelated, series of events took place throughout the year 2019 and concern Plaintiff's interactions with the Rocky Mount Police Department, specifically four arrests which took place last year. (Id. at 9-10.)

At the outset, the Court notes that Plaintiff names as a Defendant the "District Attorney." The Complaint is silent as to this Defendant. Thus, Plaintiff has not stated any claim against this Defendant. Moreover, any claim against a prosecutor related to their participation in the judicial process would be barred by prosecutorial immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 269-70 (1993). Accordingly, this action should be dismissed as to the "District Attorney" pursuant to 28 U.S.C. § 1915(e)(2)(B).

As to Defendants Nash General Hospital, the Sharpsburg Police Department, and the Nash County Social Services Department, Plaintiff asserts claims based on events that are alleged to have occurred from 2007 to 2009. However, all of the claims based on these events are barred by the three-year statute of limitations for 42 U.S.C. § 1983. See Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66–67 (4th Cir. 2015); Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955. Here, Plaintiff raises claims based on

4

events from 2007-2009, and based on the facts alleged in the Complaint Plaintiff was aware of the relevant facts by the time of his last encounter with Nash County D.S.S. on February 13, 2009. Because he filed this action on February 19, 2020—more than eleven years later—any § 1983 claim against any Defendant in this action related to that time period is time-barred. The statute of limitations bar is clear on the face of the Complaint, and the Court may properly anticipate its application to this case. See Todd, 712 F.2d at 74; Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). Accordingly, the claims which Plaintiff asserts based on events from 2007 to 2009 should be dismissed against all Defendants pursuant to § 1915(e)(2)(B)(ii).[2]

Plaintiff also asserts claims related to his interactions with the Nash County Sheriff's Office and the Rocky Mount Police Department in 2019. (Compl. at 8-10.) Plaintiff alleges that he was arrested for violating a protective order, locked out of his home, arrested pursuant to a warrant, arrested twice more in October and November, and deprived of his truck. (Id.) However, Plaintiff asserts these claims summarily, and as presented the allegations do not rise above the "unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Plaintiff does allege the use of physical force with respect to an arrest on June 26, 2019, but it is not clear if Plaintiff intends to proceed specifically as to that claim, and Plaintiff has attempted to assert the claim against the Rocky Mount Police Department rather than the

---

[2] Plaintiff also appears to assert claims on behalf of his children, but parents proceeding *pro se* may only assert claims on their own behalf, and may not assert claims on behalf of their children. See Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005) (holding that "non-attorney parents generally may not litigate the claims of their minor children in federal court").

5

individual officers involved in that arrest.³ Furthermore, Plaintiff seeks no monetary damages, and instead seeks restoration of his custodial and/or visitation rights to his children. However, issues related to child custody or visitation would not be properly before the Court on his claims challenging arrests by the Rocky Mount Police Department in 2019.

The Court also notes that the events related to the 2019 arrests all occurred in Rocky Mount, which is in the Eastern District of North Carolina, and it appears that the Defendants would also be located in that district. Therefore, it appears that venue would be proper in that district, and the Court would consider transferring this case pursuant to 28 U.S.C. § 1404 or § 1406. However, before considering a transfer, the Court will instead allow Plaintiff the opportunity to clarify and re-file his claims, to address the matters noted herein. Therefore, the Court will recommend that this case be dismissed without prejudice to Plaintiff re-filing his claims on the proper forms and in the proper district.⁴

Finally, the Court notes that while the case was still being reviewed on Plaintiff's Application to Proceed *In Forma Pauperis*, the Rocky Mount Police Department filed its Motion to Dismiss [Doc. #6]. That Motion to Dismiss would be moot in light of the present Recommendation. Plaintiff also filed a Notice [Doc. #10] attempting to raise unrelated claims challenging his confinement on new charges and an ongoing state criminal proceeding. To the extent that Plaintiff seeks to challenge his detention, the proper mechanism for a prisoner

---

³ To the extent Plaintiff attempts to name the Rocky Mount Police Department as a defendant, the Police Department would not be a proper defendant; instead, Plaintiff should name the individual officers allegedly involved in the violation of his Constitutional rights. If Plaintiff intends to assert a claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), based on a municipal policy or custom, he must include the factual basis for such a claim and name the appropriate municipal entity, such as the city.

⁴ If Plaintiff chooses to re-file his claim in this District, he should also address the issue of venue and whether transfer to the Eastern District is appropriate under 28 U.S.C. § 1404(a) or § 1406(a).

6

to challenge the legality or duration of his custody is in a habeas corpus proceeding. Preiser v. Rodriguez, 411 U.S. 475, 484-90 (1973); Heck v. Humphrey, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). State prisoners challenging their pretrial detention may bring their claims under 28 U.S.C. § 2241. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). However, in a § 2241 action, the petition should be filed in the district court of the district where the petitioner is in custody. See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)). Further, Petitioner must exhaust his state court remedies as to the claims he raises. Such exhaustion is required under § 2241 just as it is for filing a petition under 28 U.S.C. § 2254. See Braden, 410 U.S. at 489–92. Therefore, if Plaintiff seeks to proceed under § 2241, he should seek the proper forms from the Clerk's Office and use those forms to file his claims in the proper district after exhausting his state court remedies. However, he should be aware that intervention in ongoing state criminal proceedings can only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996).

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted, without prejudice to Plaintiff filing a new complaint against the proper parties setting out the basis for whatever timely claims he intends to pursue, and that the Motion to Dismiss [Doc. #6] be terminated as moot.

This, the 21st day of December, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge